# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

|  |  |
|---|---|
| **WAGNER PHILEMOND,** | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| vs. | ) CASE NO.: |
|  | ) |
| **KUZAK ROOF MAINTENANCE, LLC** | ) |
| **and FRANK KUZAK,** | ) |
|  | ) |
| Defendants. | ) |
| _____/ |  |

## COMPLAINT

COMES NOW, the Plaintiff, WAGNER PHILEMOND (hereafter "Plaintiff"), by and through the undersigned counsel, and hereby sue the Defendants, KUZAK ROOF MAINTENANCE, LLC and FRANK KUZAK (hereafter "Defendants"), for unpaid wages compensation under 29 U.S.C. §§ 201, et seq., known as the Fair Labor Standards Act (the "FLSA"), Florida Statute § 448.110, known as the Florida Minimum Wage Act (the "FMWA"), and the Florida Constitution Article X, Section 24, and alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that a suit under 29 U.S.C. § 207 of the FLSA

"may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

2. Supplemental jurisdiction is conferred upon this Court over Plaintiff's claim under Fla. Stat. § 448.110/the FMWA and Fla. Const., Art. X, Sec. 24, pursuant to 28 U.S.C. 1367(a), as the claim arises from the same case and controversy giving rise to Plaintiff's claim under the FLSA.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as Defendants reside in and/or do business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pled in this Complaint occurred within this District.

## PARTIES

4. Plaintiff was an employee of Defendants in this District and lived in this District when Plaintiff worked for Defendants.

5. At all times material, Plaintiff was an "employee" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and the FMWA.[1]

6. At all times material, Defendants, individually and collectively, were "employers" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

---

[1] Pursuant to the Florida Constitution, Art. X, Sec. 24 "the terms 'Employer,' 'Employee' and 'Wage' shall have the meanings established under the federal Fair Labor Standards Act (FLSA) and its implementing regulations." Fla. Const. Art. X, Sec. 24(b).

7. Defendant KUZAK ROOF MAINTENANCE, LLC (hereafter "Defendant LLC") is a Florida limited liability company with a principal address of 4155 Aurora Road, Melbourne, Florida 32934.

8. During the period Plaintiff worked for Defendants, Defendant LLC's principle address was 2825 Business Center Blvd. D-7, Melbourne, Florida 32940.

9. Defendant FRANK KUZAK (hereafter "Defendant KUZAK") is the owner and operator of Defendant LLC.[2]

10. Defendant KUZAK is a resident of the State of Florida.

11. At all times material herein, Plaintiff performed his job duties and responsibilities for Defendants in this District in Brevard County, Florida.

## FACTUAL ALLEGATIONS

12. Defendant LLC is a roofing company in the business of repairing, replacing, or otherwise constructing roofs on businesses and residential dwellings.

13. Defendant LLC controlled and was actively involved in the day-to-day operations of its business, including matters concerning hiring and firing employees, payroll, setting policies, making procedures, setting goals and quotas, marketing, establishing services performed, setting pricing for services, directing work assignments and hours of employees, including Plaintiff, and other business operations.

---

[2] Unless otherwise stated, all allegations refer to the period Plaintiff worked for Defendants.

14. Defendant KUZAK controlled and was actively involved in the day-to-day operations of Defendant LLC's business, including matters concerning hiring and firing employees, payroll, setting policies, making procedures, setting goals and quotas, marketing, establishing services performed, setting pricing for services, directing work assignments and hours of employees, including Plaintiff, and other business operations.

15. Defendants, individually and collectively, are an employer and enterprise engaged in interstate commerce.

16. Defendants, individually and collectively, employee two (2) or more employees.

17. Defendant LLC has annual revenue of at least five hundred thousand dollars ($500,000.00).

18. Defendant KUZAK has annual revenue of at least five hundred thousand dollars ($500,000.00).

19. Alternatively, Defendants, collectively, have an annual revenue of at least five hundred thousand dollars ($500,000.00).

20. Defendants, individually and collectively, as part of their business engage in interstate commerce by, but not limited to, providing services in Florida, and other states, transacting business with foreign corporations which were part of interstate commerce, purchasing materials and supplies from dealers, wholesalers, suppliers, and retailers from states outside of Florida, which were part of interstate

commerce, by advertising on the World Wide Web and other mediums to potential clients outside the State of Florida, by using channels of commerce, such as the Internet to conduct business outside the State of Florida, by using roads and highways to transport materials, tools, and equipment used in its business from other states and throughout the State of Florida, and by transacting business across state lines, all of which are part of interstate commerce.

21. Furthermore, Defendants, individually and collectively, engaged in interstate commerce by obtaining, exchanging, sending, or receiving funds to the State of Florida from other states and to other states from the State of Florida, using telephonic transmissions going outside of the State of Florida to conduct business, transmitting electronic information through computers, the Internet, via email, and/or otherwise outside of the State of Florida.

22. A substantial part of Plaintiff's activities were involved in interstate commerce and/or affected interstate commerce and/or were related to goods which move in channels of interstate commerce, including but not limited to, using roads and highways to transport tools and materials used in Defendants' business, using materials and tools in his work that were transported to the State of Florida from outside the State of Florida, and unloading building materials that were transported in interstate commerce.

23. Plaintiff was employed by Defendants as a roofer from approximately February 2018 through April 2018.

24. Plaintiff's primary job duties as a roofer was to repair, replace, or otherwise construct roofs for Defendants' customers at the direction of Defendants.

25. Plaintiff's performed job duties were an integral part of Defendants' business, and Defendants benefited from Plaintiff's work.

26. Defendants, individually and collectively, supervised, directed, and managed Plaintiff's work, including determining the nature and scope of the work, the volume of work, the amount of hours Plaintiff worked, and the deadlines in which Plaintiff's work was to be completed.

27. Defendants, individually and collectively, failed to pay Plaintiff at least the Florida minimum wage for all hours and time he worked for Defendants, as required by Fla. Stat. 448.110.

28. Defendants knew or should have known Plaintiff worked without being paid at least the Florida minimum wage for all hours and time worked.

29. During one (1) or more weeks, Plaintiff worked more than forty (40) hours per week ("overtime" or "overtime hours"), but Defendants, individually and collectively, failed to pay Plaintiff at a rate of one and one-half (1½) times his regular rate of pay ("overtime pay") for his overtime hours, as required by 29 U.S.C. § 207 of the FLSA.

30. Defendants knew or should have known Plaintiff worked overtime without overtime pay.

31. Defendants suffered and permitted Plaintiff to work overtime hours without overtime pay.

32. Defendants were Plaintiff's joint employers.

33. Plaintiff notified Defendants he was owed unpaid wages but Defendants failed or refused to pay same. **Composite Exhibit A** (Letters to Defendants).

34. Defendants did not make, keep, or preserve adequate or accurate records of the hours worked by Plaintiff, though they had a legal obligation to do so.

## COUNT I – FAILURE TO PAY MINIMUM WAGE UNDER FLA. STAT. § 448.110 AND THE FLORIDA CONSTITUTION ART. X, SEC. 24 [3]

35. Plaintiff re-alleges and incorporates Paragraphs one (1) through thirty-four (34) as if fully set forth herein.

36. The FMWA mandates that an employer pay its employees at least the Florida minimum wage for each hour worked. Fla. Stat. § 448.110.

37. During the five (5) years prior to this Complaint, Plaintiff was employed for Defendants as a roofer.

38. Plaintiff performed the essential duties and worked the number of hours required of him by Defendants, but Defendants failed and/or refused to pay him at least the Florida minimum wage for each hour he worked for Defendants.

---

[3] The purpose of Florida Statute § 448.110 "is to provide measures appropriate for the implementation of s. 24, Art. X of the [Florida] State Constitution." Fla. Stat. § 448.110(2).

39. Defendants knew or should have known Plaintiff was not paid the Florida minimum wage for all hours he worked for Defendants.

40. Defendants suffered and permitted Plaintiff to work for them without compensating him at the Florida minimum wage for each hour that he worked.

41. Defendants willfully violated the FMWA, because they knew or showed reckless disregard for that fact that their failure to pay Plaintiff as alleged herein was in violation of the FMWA.

42. Defendants' violation(s) of the FMWA were not in good faith.

43. Because Defendants violated the FMWA, Plaintiff has suffered loss in the form of unpaid wages.

44. Because of Defendants' actions as alleged herein, Plaintiff had to retain counsel and is entitled to recover his reasonable attorney's fees and costs connected with this suit, pursuant to Fla. Stat. § 448.10.

45. More than fifteen (15) days prior to filing this Complaint, Plaintiff sent notices to Defendants of the total amount of unpaid wages Plaintiff is owed, and Defendants failed and/or refused to pay same. As such, all conditions precedent have been met, pursuant to Fla. Stat. 448.110(6). *See* **Composite Ex. A**.

46. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of compensation in amounts to be determined at trial and is entitled to recovery of such amounts, liquidated damages, attorney's fees, costs, and other compensation.

**WHEREFORE**, Plaintiff WAGNER PHILEMOND prays this Honorable Court:

A. Declare and find that the Defendants committed one or more of the following acts:

  i. Violated Fla. Stat. § 448.110 by failing to pay Plaintiff at the Florida minimum wage rate for all hours he worked for Defendants; and/or

  ii. Willfully violated Fla. Stat. § 448.110;

B. Award Plaintiff actual and compensatory damages in an amount to be determined at trial;

C. Award Plaintiff an equal amount in liquidated damages;

D. Award Plaintiff reasonable attorney's fees and costs of this suit;

E. Award prejudgment interest (to the extent liquidated damages are not awarded) and post-judgment interest as provided by law;

F. Enjoin Defendants from further violations of the FMWA by not paying Plaintiff at least the Florida minimum wage for all hours;

G. Hold Defendants jointly and severally liable to Plaintiff for all amounts awarded as joint employers; and

H. Grant other such relief as this Court deems equitable and just.

**COUNT II – FAILURE TO PAY OVERTIME UNDER THE FLSA**

47. Plaintiff re-alleges and incorporates Paragraphs one (1) through forty-six (46) as if fully set forth herein.

48. Pursuant to 29 U.S.C. § 207(a)(1) of the FLSA, an employer must pay its non-exempt employees at a rate of one and one-half (1½) times their regular rate of pay ("overtime pay") for all hours worked in excess of forty (40) hours in a workweek ("overtime hours").

49. Plaintiff was employed by Defendants as a roofer during the three (3) year period prior to this Complaint.

50. When Plaintiff was hired by Defendants, the parties agreed Plaintiff's regular rate of pay would be $12.00 per hour.

51. Plaintiff was not exempt from receiving overtime pay under the FLSA.

52. Plaintiff performed the essential duties and worked the number of hours required of him by Defendants.

53. During one (1) or more workweeks, Defendants suffered and permitted Plaintiff to work overtime hours without paying him overtime pay.

54. Defendants knew Plaintiff was working overtime hours, because they directed him to work overtime hours and/or were present during those hours.

55. Defendants were or should have been aware Plaintiff was entitled overtime pay for all of his overtime hours.

56. Defendants failed and refused to properly compensate Plaintiff at the proper overtime rate for each of his overtime hours.

57. Defendants' conduct was willful, because they knew, or showed reckless disregard for the fact, that their failure to pay Plaintiff as alleged herein was in violation of the FLSA.

58. Defendants' conduct as alleged herein was not in good faith.

59. Because of Defendants' actions, Plaintiff had to retain counsel, and is entitled to recover his reasonable attorney's fees and costs connected with this suit.

60. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, reasonable attorney's fees, costs, and other compensation.

**WHEREFORE**, Plaintiff, WAGNER PHILEMOND, by and through undersigned counsel, pray for the following relief:

A. Declare and find that the Defendants committed one or more of the following acts:

  i. Violated overtime provisions of the FLSA by failing to pay overtime wages to Plaintiff; and/or

  ii. Willfully violated overtime provisions of the FLSA.

B. Enter a judgment against Defendants in the amount of Plaintiff's unpaid overtime wages at the applicable overtime rate;

C. Award Plaintiff liquidated damages from Defendant equal to Plaintiff's unpaid overtime wages;

D.  Award Plaintiff all reasonable attorney's fees and costs incurred in prosecuting this claim;

E.  Award prejudgment interest (to the extent liquidated damages are not awarded) and post-judgment interest as provided by law;

F.  Hold Defendants jointly and severally liable to Plaintiff for all amounts awarded as joint employers;

G.  Enjoin Defendants from further violations of 29 U.S.C. § 207 and any other applicable overtime provisions of the FLSA; and

H.  For such further relief as the Court deems just and equitable.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS**

Dated this 26th day of September, 2019.

Respectfully Submitted,

*/s/Jeremiah J. Talbott*

Jeremiah J. Talbott, Esquire
FL Bar No. 015484
Law Office of Jeremiah J. Talbott, P.A. 900 E. Moreno Street
Pensacola, FL  32503
Phone: (850) 437-9600
Fax: (850) 437-0906
jjtalbott@talbottlawfirm.com
civilfilings@talbottlawfirm.com
*Attorney for Plaintiff*