**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

|  |  |  |
|---|---|---|
| **WAGNER PHILEMOND,** | ) | |
| Plaintiff, | ) | |
| vs. | ) | **CASE NO.: 6:19-CV-1854-WWB-GJK** |
| **KUZAK ROOF MAINTENANCE, LLC and FRANK KUZAK,** | ) | |
| Defendants. | ) | |
| _____/ | | |

**UNOPPOSED MOTION FOR LEAVE TO WITHDRAW AS COUNSEL
FOR PLAINTIFF AND FOR EXTENSION OF TIME AND/OR
STAY OF PROCEEDINGS**

COMES NOW, counsel of record for the Plaintiff WAGNER PHILEMOND (hereafter "Mr. Philemond"), pursuant to Rule 2.060 of the Florida Rules of Judicial Administration, Rule 4-1.16 of the Florida Rules of Professional Conduct, Local Rule 2.03 for the Middle District of Florida, and Rule 6(b)(1)(A) of the Florida Rules of Civil Procedure, and hereby moves this Honorable Court for leave to withdraw from representing Plaintiff and extend time. In support of this Motion, the undersigned states as follows:

**MOTION TO WITHDRAW**

1. The undersigned attorney, JEREMIAH J. TALBOTT, ESQ., has represented

Plaintiff/Mr. Philemond in the above-referenced case.

2. The undersigned now seeks leave to withdraw from representing Mr. Philemond. *See* Obermaier v. Driscoll, No. 2:00-cv-214-FtM-29D, 2000 U.S. Dist. LEXIS 23239, at *1 (M.D. Fla. Dec. 13, 2000) (recognizing court's discretion as to whether counsel is permitted to withdraw from representing a party in an ongoing matter).

3. The Florida Rules of Professional Conduct permit an attorney to withdraw from representation when "withdrawal can be accomplished without material adverse effect on the interests of the client," or "the client insists on taking action that the lawyer considers . . . imprudent or with which the lawyer has a fundamental disagreement . . . or other good cause for withdrawal exists." Fla. R. Prof. Conduct 4-1.16(b)(1)-(2), (5).

4. Mr. Philemond and the undersigned attorney have irreconcilable differences, such that there has been an irreparable breakdown of the lawyer-client relationship, and the undersigned attorney is otherwise unable to continue to represent Mr. Philemond.

5. The undersigned certifies that, in accordance with Rule 2.03(b), M.D. Fla. Loc. R., he has provided Mr. Philemond and opposing counsel with ten (10) days' notice of the undersigned's intention to withdraw from representing Mr. Philemond.

6.  The undersigned's withdrawal will not have an adverse effect on these proceedings, as Mr. Philemond has been made aware of the status of this case and all deadlines set forth in the Court's Scheduling Order.

7.  Opposing counsel was consulted as to the undersigned's withdrawal and does not object.

## MOTION FOR EXTENSION AND/OR STAY OF PROCEEDINGS

8.  The undersigned would request a thirty (30) day extension of all deadlines set forth in the Court's Scheduling Order (Doc. 15) and/or stay of proceedings to give Mr. Philemond time to find other counsel.

9.  "When an act may or must be done within a specified time, the court may, for good cause, extend the time with or without motion . . . if a request is made, before the original time . . . expires." Rule 6(b)(1)(A), Fla. R. Civ. P.

10. District courts have broad discretion to stay proceedings as an incident to its power to control its own docket. Landis v. North American Co., 299 U.S. 248, 254 (1936).

11. Mr. Philemond maintains that this extension will give him adequate time to find new counsel.

12. Opposing counsel was consulted as to this Motion for Extension and/or Stay of Proceedings and does not object.

13. The appended Memorandum of Law is offered in support of this Motion and is incorporated herein by reference.

**WHEREFORE**, the undersigned counsel for Plaintiff WAGNER PHILEMOND respectfully requests that this Court enter an Order granting the undersigned counsel leave to withdraw from representing Plaintiff WAGNER PHILEMOND in the above-captioned matter and relieving the undersigned of any further responsibility in the representation Plaintiff.

Additionally, Plaintiff requests the Court grant following relief:

A. Enter a thirty (30) day stay of proceedings while Plaintiff WAGNER PHILEMOND procures new counsel; and/or

B. Enter an Order extending all deadlines in the Court's Scheduling Order (Doc. 15) by thirty (30) days to allow Plaintiff WAGNER PHILEMOND time to retain new counsel.

## MEMORANDUM OF LAW

### A. Withdrawal

Whether counsel may permissively withdrawal from representing a party in an ongoing matter is within the discretion of the Court. Obermaier v. Driscoll, No. 2:00-cv-214-FtM-29D, 2000 U.S. Dist. LEXIS 23239, at *1 (M.D. Fla. Dec. 13, 2000). "However, in making its discretionary determination, the Court is guided by the Florida Rules of Professional Conduct." Albert v. DRS Techs., Inc., No. 6:11-

cv-869-Orl-36DAB, 2012 U.S. Dist. LEXIS 194212, at *4-5 (M.D. Fla. Apr. 18, 2012).

The Florida Rules of Professional Conduct provide circumstances under which withdrawal is permissible. Specifically, withdrawal is permissible if "withdrawal can be accomplished without material adverse effect on the interests of the client . . . or other good cause for withdrawal exists." Fla. R. Prof. Conduct 4-1.16(b)(1)-(2), (5). Courts have recognized "irreconcilable differences" between the counsel and the client as a good cause-basis for withdrawal. *See* Simmons v. House of Brewz, LLC, No. 2:14-cv-390-FtM-29CM, 2015 U.S. Dist. LEXIS 84798, at *7 (M.D. Fla. June 30, 2015) (granting counsel's motion for leave to withdraw based upon "irreconcilable differences"); New Eng. Tech., Inc. v. Sigma Tech Sales, Inc., No. 09-61347-CIV-ZLOCH, 2014 U.S. Dist. LEXIS 199476, at *1-2 (S.D. Fla. May 5, 2014) (granting counsel's motion for leave to withdraw based upon "irreconcilable differences"). Furthermore, "case law demonstrates that permission to withdraw, while always within the discretion of the court, is granted if the attorney can show that his or her withdrawal won't prejudice the client or if there is good cause." Albert v. DRS Techs., Inc., No. 6:11-cv-869-Orl-36DAB, 2012 U.S. Dist. LEXIS 194212, at *5 (M.D. Fla. Apr. 18, 2012) (*citing* In re Davis, 258 B.R. 510, 513 (Bkrtcy. M.D. Fla. 2001) (*citing* Sands v. Moron, 339 So.2d 307, 307 (Fla. 3rd DCA 1976)); *see also* Broughten v. Voss, 634 F.2d 880, 882-83 (5th Cir. 1981).

The Local Rules for the Middle District of Florida require court approval for an attorney to withdrawal from a case in which he or she has appeared and require the client and opposing counsel be given ten (10) days' notice prior to withdrawal. Rule 2.03(b), M.D. Fla. Loc. R.

In this case, Plaintiff's counsel seeks withdrawal on the bases that (a) irreconcilable differences have arisen between Plaintiff/Mr. Philemond and Plaintiff's counsel, and (b) withdrawal can be accomplished without a "material adverse effect on the interests of [Mr. Philemond]." *See* Simmons v. House of Brewz, LLC, No. 2:14-cv-390-FtM-29CM, 2015 U.S. Dist. LEXIS 84798, at *7 (M.D. Fla. June 30, 2015); *see* Fla. R. Prof. Conduct 4-1.16(b)(1). These bases are recognized by the Florida Rules of Professional Conduct and by Federal Courts as grounds for withdrawal and, as such, constitute good cause. *See* In re Davis, 258 B.R. 510, 513 (Bkrtcy. M.D. Fla. 2001).[1]

Plaintiff's counsel maintains withdrawal can be accomplished without "material adverse effect on the interests" of Mr. Philemond, as he has been apprised of the status of the case and made aware of all deadlines. Additionally, Mr. Philemond informed Plaintiff's counsel that he would like to obtain different

---

[1] The undersigned recognizes that "lawyers must be conscientious not to tarnish the integrity of their clients or otherwise breach the client's sacred trust." Florida Bar v. Knowles, 99 So. 3d 918 (Fla. July 12, 2012) (suspending lawyer for filing disparaging motions to withdraw). In light of this duty, the undersigned has been careful to avoid any detailed expansion of the "irreconcilable differences" or "fundamental disagreement" which have arisen between him and Mr. Philemond.

representation. Moreover, this case is in its early stages, such that there is adequate time for Mr. Philemond to obtain new counsel in time to engage in discovery and the subsequent stages of this case.

In accordance with Local Rule 2.03, notice was given to Mr. Philemond and opposing counsel ten (10) days prior to bringing this Motion. Rule 2.03(b), Loc. R. M.D. Fla. Additionally, written notice sent to Mr. Philemond, along with a copy of the Court's scheduling Order and all necessary documents and pleadings.

Accordingly, Plaintiff's counsel has adhered to the requirements of the Local Rules and the Florida Rules of Professional Conduct. Furthermore, the undersigned counsel maintains he has met the standard set forth by Federal Courts in showing there is good cause to withdraw and that Mr. Philemond will not be prejudiced by counsel's withdrawal.[2] Thus, based on the foregoing, Plaintiff's counsel should be granted leave to withdraw as counsel for Plaintiff WAGNER PHILEMOND.

## B. Extension and/or Stay of Proceedings

Included with this Motion, is a request for a thirty (30) day extension of deadlines and/or stay of proceedings, pursuant to Rule 6(b), Fla. R. Civ. P. This is

---

[2] *See* Rule 11.1(H)(2), N.D. Fla. Loc. R.; *see* Fla. R. Prof. Conduct 4-1.16(b); *see* Albert v. DRS Techs., Inc., No. 6:11-cv-869-Orl-36DAB, 2012 U.S. Dist. LEXIS 194212, at *5 (M.D. Fla. Apr. 18, 2012); *see also* In re Davis, 258 B.R. 510, 513 (Bkrtcy. M.D. Fla. 2001); *see also* Sands v. Moron, 339 So.2d 307, 307 (Fla. 3rd DCA 1976); *see also* Broughten v. Voss, 634 F.2d 880, 882-83 (5th Cir. 1981).

requested to give Mr. Philemond time to find other counsel. Mr. Philemond believes

thirty (30) days will give him adequate time to do same.

"Rule 6(b)(1)(A) provides in relevant part that '[w]hen an act may or must be

done within a specified time, the court may, *for good cause*, extend the time . . . with

or without motion or notice if the court acts, or if a request is made, before the

original time or its extension expires.'" Shepherd v. Wilson, 663 F. App'x 813, 818

(11th Cir. 2016) (*citing* Fed. R. Civ. P. 6(b)(1)(A)) (emphasis added). An extension

of time under Fed. R. Civ. P. 6(b) is appropriate when there is no showing of bad

faith or that an extension would prejudice the opposing party. Ahanchian v. Xenon

Pictures, Inc., 624 F.3d 1253, 1260 (9th Cir. 2010). The existing Federal Rule of

Civil Procedure 16(b) permits modification of scheduling orders "only for good

cause," Fed. R. Civ. P. 16(b)(4). Barwick v. Celotex Corp., 736 F.2d 946 (4th Cir.

1984).

An extension of time to secure new counsel, constitutes "good cause" for

purposes of Rule 6(b)(1)(A), Fed. R. Civ. P. *See* Serefex Corp. v. Jonas, No. 2:13-

cv-356-FtM-29CM, 2014 U.S. Dist. LEXIS 46617 (M.D. Fla. Mar. 31, 2014)

(Recognizing "the Court may extend deadlines prior to their expiration for good

cause," the Court granted three (3) separate extensions to secure new counsel after

the plaintiff's original counsel withdrew for "irreconcilable differences." The

extensions totaled one hundred fifty (150) days beyond the original deadline.); *see*

*also*, Montgomery Bank, N.A. v. Alico Rd. Bus. Park, LP, No. 2:13-cv-802-FtM-29CM, 2014 U.S. Dist. LEXIS 106483, at *5 (M.D. Fla. Aug. 4, 2014) (Following withdrawal of the defendant's counsel, new counsel was secured and filed a motion for extension of time to file a response to the defendant's motion for summary judgment. The Court found "good cause" to grant the extension, as the new counsel would have otherwise only had twelve (12) days to familiarize himself with the case and file a response to said motion.).

As in in Serefex Corp. and Montgomery Bank, the Plaintiff in this case is requesting an extension and/or stay of proceedings with respect to the deadlines set forth in the Court's Scheduling Order (though the Plaintiff here is requesting only a thirty (30) day extension, and not the one hundred and fifty (150) awarded to the plaintiff in Serefex Corp.). *See* Serefex Corp. v. Jonas, No. 2:13-cv-356-FtM-29CM, 2014 U.S. Dist. LEXIS 46617 (M.D. Fla. Mar. 31, 2014). Thus, in this case, as in Serefex Corp. and Montgomery Bank, Plaintiff's need for extra time to secure new counsel also constitutes "good cause" under Rule 6(b)(1)(A), Fed. R. Civ. P. Id. at *7; Montgomery Bank, N.A. v. Alico Rd. Bus. Park, LP, No. 2:13-cv-802-FtM-29CM, 2014 U.S. Dist. LEXIS 106483, at *5 (M.D. Fla. Aug. 4, 2014).

Additionally, as recognized by the Court in Ahanchian v. Xenon Pictures, Inc., an extension of time under Rule 6(b), Fed. R. Civ. P., is appropriate absent a showing of bad faith or that an extension would prejudice the other party. Ahanchian,

*supra*, 624 F.3d 1253, 1260 (9th Cir. 2010). In this case, Plaintiff's Motion for an extension of time is not due to bad faith, but is rather due to good cause, as Plaintiff needs additional time to secure counsel, which has been recognized by several courts as constituting "good cause." *See* <u>Morrison v. Mattamy Ariz.</u>, LLC, No. CV-12-02295-PHX-PGR, 2013 U.S. Dist. LEXIS 53500, at *1 (D. Ariz. Apr. 15, 2013) (Following the withdrawal of the plaintiff's counsel, the Court granted the plaintiff's motion for an extension of time to obtain new counsel.); *see also*, <u>Cap. Sec. Sys. v. NCR Corp.</u>, No. 1:14-cv-1516-WSD, 2018 U.S. Dist. LEXIS 98121, at *3 (N.D. Ga. June 12, 2018) (referencing granting the plaintiff's prior motion for an extension of time in order to secure new counsel in an opinion issued on a separate issue).

District courts have broad discretion to stay proceedings as an incident to its power to control its own docket. <u>Landis v. North American Co.</u>, 299 U.S. 248, 254 (1936); *see also* <u>CMAX, Inc. v. Hall</u>, 300 F.2d 265, 268 (9th Cir. 1962) (district courts possess "inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants").

In addition to a thirty (30) day extension or in the alternative said extension, Plaintiff requests a thirty (30) day stay of proceedings. District courts have broad discretion to stay proceedings as an incident to its power to control its own docket. <u>Landis v. North American Co.</u>, 299 U.S. 248, 254 (1936); *see also* <u>CMAX, Inc. v.</u>

Hall, 300 F.2d 265, 268 (9th Cir. 1962) (district courts possess "inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants").

Plaintiff requests the Court to exercise its discretion to stay proceedings in order to allow Mr. Philemond time to secure new counsel.

The Defendants will not be prejudiced if the Court grants the Plaintiff's Motion for an extension of time to respond or if the Court stays proceedings. First, Defendants' counsel has advised he does not object to a thirty (30) day extension of deadlines and/or a thirty (30) day stay of proceedings while Mr. Philemond secures new counsel. Second, there have not been prior delays in this case, which is in its early stages, and the extension would not substantially prolong litigation in this case.

Finally, this request for an extension and/or stay of proceedings is made in good faith. This is the first extension requested by Plaintiff, and it is made to secure representation of his choice.

Accordingly, for the foregoing reasons, Plaintiff requests the Court grant a thirty (30) day extension of deadlines and/or a thirty (30) day stay of proceedings.

## C. Conclusion

The undersigned counsel requests leave to withdraw from representing Mr. Philemond in this matter. Furthermore, Plaintiff requests a thirty (30) day stay of

proceedings and/or a thirty (30) day extension of the deadlines set forth in the

Court's Scheduling Order (Doc. 15) in order to retain new counsel.

Dated: December 16, 2019                    Respectfully submitted,

                                            */s/ Jeremiah J. Talbott*
                                            JEREMIAH J. TALBOTT, ESQ.
                                            Fla. Bar No. 0154784
                                            Law Office of Jeremiah J. Talbott, P.A.
                                            900 E. Moreno Street
                                            Pensacola, Fla. 32503
                                            (850) 437-9600 / (850) 437-0906 (fax)
                                            jjtalbott@talbottlawfirm.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the forgoing has been

furnished via electronic filing to Defendants' counsel, Jesse Unruh, Esq. of the law

firm Jet Dot Law, PLLC. Additionally, Plaintiff Wagner Philemond was served a

copy of this Motion by U.S. Mail at 720 S.W. 111th Ave. Apt. No. 204, Pembroke

Pines, FL 33025.

Dated: December 16, 2019            */s/ Jeremiah J. Talbott*
                                   JEREMIAH J. TALBOTT, ESQ.