UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WAGNER PHILEMOND,

    Plaintiff,

v.                                Case No:   6:19-cv-1854-Orl-78GJK

KUZAK ROOF MAINTENANCE, LLC and
FRANK KUZAK,

    Defendants.

## ORDER

Jeremiah J. Talbott's Unopposed Motion for leave to Withdraw as Counsel for Plaintiff and for Extension of Time and/or Stay of Proceedings (Doc. 18), is **GRANTED**, Mr. Talbott is **TERMINATED** as counsel for Plaintiff and the Clerk shall **REMOVE** his name from the CM/ECF service list.

This case is **STAYED** until January 17, 2020 to allow Plaintiff to hire a new lawyer. Until a new lawyer appears in the case as counsel for Plaintiff Mr. Philemond is representing himself. Pleadings and other papers can be served on Mr. Philemond at:

    720 S.W. 111th Avenue
    Apartment 204
    Pembroke Pines, Florida 33025
    Phone: 321-406-3963
    Alternative Phone: 321-549-9073
    Email: kingshit301@gmail.com

If Mr. Philemond's contact information changes it is his duty to immediately notify the Court and counsel for Defendants in writing, of his new contact information.

There is a lot to learn in representing yourself in federal court, but here are some key pointers.

**1. Read everything you get from the Court and the other side right away**, including the papers you get from the Clerk's Office when you file. It is very important that you know what is going on in your case and what deadlines have been set.

**2. Meet every deadline**. If you do not know exactly how to do something, try to get help and do your best. It is more important to file/submit required documents and responses on time, than to do everything perfectly. You can lose your case if you miss deadlines. If you need more time to do something, ask the Court in writing for more time as soon as you know that you will need more time it and before the deadline has passed.

**3. Use your own words and be as clear as possible**. You do not need to try to sound like a lawyer. In the documents you file with the Court, be specific about the facts that are important to the lawsuit. When you cite a case that you believe supports your position, explain to the Court why that case applies or is similar to your case.

**4. Always keep all of your paperwork and stay organized**. Keep paper or electronic copies of everything you send to and/or file with the Court. Also, keep everything you receive from the Court, the other side, or anyone else relating to your case. When you file a paper in the Clerk's Office, bring at least the original and two copies so that you can keep a stamped copy for yourself. Know where your papers are located so that you can use them to work on your case.

**5. Have someone else read your papers before you submit/file them**. Be sure that person understands what you wrote; if not, rewrite your papers to try to explain yourself more clearly. The judge may not hear you explain yourself in person and may rely only on your papers when making decisions about your case.

**6. Be sure the Court always has your correct address and phone number**. If your contact information changes, contact the Clerk's Office in writing immediately. Always include your case number on any paperwork that you submit to the Court.

**7. Omit certain personal identifying information from documents submitted to the Court for filing**. All documents filed with the Court will be available to the public on the Internet. Protect your privacy and that of other individuals you refer to in your documents by not including in documents you send to the Court any of the following: social security and taxpayer identification numbers, names of minor children, dates of birth, and financial account numbers. If your lawsuit involves a minor, you must identify them by their initials only.

**8. Check the Court's website**. This Court has a link on its webpage for pro se litigants that includes useful forms and other helpful information specific to the Court.

**9. Learn the Rules**. Pro se litigants are subject to the same law and rules of court as litigants who are represented by counsel, including the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rule(s)").

10. **Do Not Send Letters to the Court**. Plaintiff shall not correspond with the Court or any judge or magistrate judge of the Court in letter form. In keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties, the judges of this Court will only deliver their decisions and opinions in response to those documents filed with the Clerk's office in accordance with the governing rules of procedure. Any correspondence sent to judicial officers will not be responded to, will be stricken from the case file, and will be returned to the sending party. All documents filed with the Court must be in the form of a pleading, see FED. R. CIV. P. 7(a), or a motion, see FED. R. CIV. P.

7(b). Each pleading, motion, notice, or other paper shall be presented in a separate document. In addition, all documents filed with the Court by Mr. Blue must include a caption (the same as is set forth on this Order); a brief title that describes the nature of the document; the filing party's name and signature; and a certificate of service. These last two items are explained below.

**11. Sign your Papers**. All pleadings, motions, or other papers filed with the Court by Plaintiff must bear his original signature or they will be rejected by the Court. Among other things, the signature serves as the party's certification, pursuant to Rule 11(b), that the document is not submitted for any improper purpose; that the claims or defenses presented in it are warranted by existing law; and that there exists reasonable factual support for the allegations or assertions made. Plaintiff is advised to review and become familiar with Rule 11, as the failure to comply with its provisions can result in the imposition of sanctions, including monetary fines.

**12. Certificate of Service**. All pleadings, motions, or other papers filed with the Court by Plaintiff must include a signed certificate of service. The certificate of service is confirmation that the filing party has complied with the requirement of Rule 5 by serving on every other party to the action (or its attorney) a copy of the particular pleading, motion, or other paper filed with the Court. At a minimum, a certificate of service must state the date upon which a copy of the particular document was served on the other parties to the action (or their attorneys) and the means by which such service was made (e.g., U.S. Mail; Federal Express; hand delivery).

**13. File Motions for Relief**. All requests for relief from, or action by, the Court must be in the form of a motion. See FED. R. CIV. P. 7(b). If Plaintiff seeks any relief from, or action by the Court, or seeks the entry of an order of any kind, he must file a proper

motion requesting that relief. The motion must meet the requirements of the Federal Rules of Civil Procedure and the Court's Local Rules. All motions must include a legal memorandum with citation of authorities in support of the relief requested. <u>See</u> Local Rule 3.01(a). Note that the motion cannot exceed twenty-five (25) pages in length. <u>See id.</u>

**14. Duty to Meet and Confer**. Prior to filing most motions, Local Rule 3.01(g) requires that the filing party confer with opposing counsel in a good faith attempt to resolve the issue. Plaintiff must include a certification in his motions that he has complied with this requirement and shall also notify the Court whether the parties agree on the relief requested. Local Rule 3.01 also sets forth several other important requirements and rules governing motions filed with the Court. Failure to comply with these requirements or any other rule may result in the denial of the motion.

**15. Obey Court Orders**. Plaintiff is cautioned that he must abide by and comply with all orders of this Court. Failure to do so may result in sanctions, including the striking of pleadings.

**16. Responding to Motions**. Local Rule 3.01(b) requires that any brief or legal memorandum in opposition to a motion must be filed within 14 days after being served with that motion by opposing counsel. Plaintiff must timely respond to the motions filed by other parties in this case, for if he does not timely respond to such a motion, the Court may assume that he does not oppose that motion and the relief requested therein. If Plaintiff has missed a filing deadline he must file a motion seeking leave of Court to file his paper out-of-time.

**17. Other Requirements**. Plaintiff is reminded that, although he is now proceeding pro se, he is not relieved of all of the obligations that rest upon an attorney. There are

still many requirements with which he must comply, including those imposed by the Rules and the Local Rules. Plaintiff is warned that the failure to comply with these requirements and obligations can have significant consequences. For example, failure to respond to discovery requests as described in the rules may result in sanctions. <u>See</u> F<small>ED</small>. R. C<small>IV</small>. P. 37.

    **DONE** and **ORDERED** in Orlando, Florida on December 17, 2019.

*/s/ Thomas B. Smith*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties