**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| WAGNER PHILEMOND, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No.  6:19-cv-01854 |
| KUZAK ROOF MAINTENANCE, LLC and FRANK KUZAK, | ) ) ) |
| Defendants | ) ) ) |

## SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS

This Settlement Agreement and Release of Claims (the "Agreement") is entered into by and between WAGNER PHILEMOND ("Plaintiff") and KUZAK ROOF MAINTENANCE, LLC and FRANK KUZAK ("Defendants"), collectively (the "Parties").

WHEREAS, Plaintiff was an employee of the Defendants;

WHEREAS, Plaintiff filed a civil action against Defendants in the United States District Court, Middle District of Florida, Orlando Division, seeking redress for alleged violations under the provisions of 29 U.S.C. §§ 201, et seq., known as the Fair Labor Standards Act (the "FLSA"), Florida Statute § 448.110, known as the Florida Minimum Wage Act (the "FMWA"), and the Florida Constitution Article X, Section 24, Case Number 6:19-cv-01854; and

WHEREAS, Defendants deny all allegations in the Lawsuit and any liability and/or any other wrongdoing in respect to Plaintiff;

WHEREAS, Plaintiff and Defendants wish to avoid litigation and settle and resolve the controversy between them amicably and expeditiously;

This document is signed using GetAccept Digital Signature Technology.
Fingerprint: 53a83ac02815d3a96997d1c311c077e50c3bfd58902cca0c76e212877ea5da573e0855cadcd6fb4bd4aed31691883d46ef65e3b6d44ce31fddfbd66941f650a2

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that the above-entitled matter is resolved as follows:

1. RECITALS: The foregoing recitals are true and correct and are incorporated below as if fully set forth therein.

2. RELEASE OF FLSA AND WAGE CLAIMS:

    a. This agreement shall constitute a release of all claims Plaintiff might have under the FLSA or similar law against Defendants.

    b. Upon execution of this Agreement, the parties shall immediately file a Joint Motion for Approval of Settlement and Dismissal of this case, with prejudice.

    c. In exchange for the consideration set forth in Paragraph 3 below, Plaintiff, for himself and his attorneys, heirs, executors, administrators, successors and assigns, hereby waives and releases, knowingly and willingly, Defendants, Kuzak Roof Maintenance, LLC and Frank Kuzak (the "Released Parties"), from any and all wage claims of any nature whatsoever Plaintiff has arising out of or related to the payment of wages during this employment with Defendants, known or unknown, including, but not limited to, any claims Plaintiff may have under the Fair Labor Standards Act ("FLSA"), the Florida minimum wage statute, and any and all other applicable state, federal, county, or local ordinances, statutes or regulations, including claims of retaliation and claims for attorneys' fees which relate to the payment of wages. Plaintiff also represents and certifies that he has received full

2 of 7
Philemond v. Kuzak Roof Maintenance, LLC. et al. FLSA Settlement Agreement

This document is signed using GetAccept Digital Signature Technology.
Fingerprint: 53a83ac02815d3a96997d1c311c077e50c3bfd58902cca0c76e212877ea5da573e0855cadcd6fb4bd4aed31691883d46ef65e3b6d44ce31fddfbd66941f650a2

payment for all hours worked while employed by Defendants, including minimum wage, overtime hours, bonuses, and vacation pay and that no further payment for hours worked is due by the Released Parties.

3. <u>SETTLEMENT SUMMARY:</u> In exchange for and in consideration of the Releases and promises of Plaintiff in this Agreement, Defendants agree to pay a total sum of SEVEN HUNDRED 00/100 dollars ($700.00). The payments will be tendered as follows:

   1. Payment to WAGNER PHILEMOND in the gross amount of $350.00, as taxable wages, less appropriate taxes and withholdings, to represent the unpaid wages claim. An IRS Form W-2 will be issued to Plaintiff for this amount. Plaintiff must provide a fully completed and executed IRS Form W-4 to counsel for Defendants along with the executed Agreement; and

   2. Payment to WAGNER PHILEMOND in the gross and net amount of $350.00, as liquidated damages. An IRS Form 1099 will be issued to Plaintiff for this amount. Plaintiff must provide a fully completed and executed IRS Form W-9 to counsel for Defendants along with the executed Agreement; and

   a. The settlement sum will be delivered to Plaintiff within ten (10) business days after all of the following events occur: (1) the Court's approval of this Agreement; (2) dismissal with prejudice of Plaintiff's claims in the Lawsuit; and (3) Plaintiff's delivery of IRS forms W-4 and W-9 to Defendants' counsel.

   b. Plaintiff understands and acknowledges that the payments specified in this section would not be issued to Plaintiff except for Plaintiff's execution of this Agreement, including the Release of FLSA claims contained herein, and Plaintiff's fulfillment of the promises contained herein.

   c. Defendants make no representation as to the taxability of the amounts paid to Plaintiff. Plaintiff agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. Moreover, Plaintiff agrees to indemnify Defendants and

3 of 7
Philemond v. Kuzak Roof Maintenance, LLC. et al. FLSA Settlement Agreement

This document is signed using GetAccept Digital Signature Technology.
Fingerprint: 53a83ac02815d3a96997d1c311c077e50c3bfd58902cca0c76e212877ea5da573e0855cadcd6fb4bd4aed31691883d46ef65e3b6d44ce31fddfbd66941f650a2

hold them harmless from any interest, taxes or penalties assessed against it by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiff under the terms of this Agreement.

3. <u>AFFIRMATIONS.</u> Plaintiff affirms that upon payment of the amounts set forth herein, Plaintiff will have been paid and/or will have received all overtime compensation, liquidated damages related to overtime compensation, and attorney's fees and costs in connection with Plaintiff's claims under the FLSA regarding Released Parties up to the date of this Agreement.

4. <u>NO ADMISSION.</u> Neither this Agreement nor the furnishing of the considerations for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Released Parties of any liability, unlawful conduct of any kind or violation by the Released Parties of the FLSA.

5. <u>OPPORTUNITY TO REVIEW.</u> Plaintiff acknowledges that Plaintiff is aware that Plaintiff is giving up all FLSA claims and related wage claims Plaintiff may have against the Released Parties. Plaintiff acknowledges that Plaintiff has been advised in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement. Plaintiff signs this Agreement voluntarily. The Parties agree and acknowledge that this Agreement was drafted by all Parties and their counsel where applicable. The language of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either Party.

6. <u>SEVERABILITY.</u> Except as set forth below, should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect except for sections 2 and 3, *supra*.

This document is signed using GetAccept Digital Signature Technology.
Fingerprint: 53a83ac02815d3a96997d1c311c077e50c3bfd58902cca0c76e212877ea5da573e0855cadcd6fb4bd4aed31691883d46ef65e3b6d44ce31fddfbd66941f650a2

Case 6:19-cv-01854-WWB-GJK   Document 36-1   Filed 04/24/20   Page 5 of 8 PageID 135

7. <u>VENUE AND GOVERNING LAW.</u> This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provision. In the event of any action arising hereunder, venue shall be proper in the United States District Court in and for the Middle District of Florida.

8. <u>ENTIRE AGREEMENT.</u> This Agreement sets forth the entire agreement between Plaintiff and Defendants as to settlement of the Plaintiff's FLSA and similar wage claims asserted in this case. Plaintiff acknowledges that Plaintiff has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with the decision to sign this Agreement, except those set forth in this Agreement.

9. <u>EXECUTION IN COUNTERPARTS.</u> This Agreement may be executed in any number of counterparts, each of which shall be considered an original. All the counterparts together shall constitute one and the same instrument.

10. THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS. THE PARTIES HAVE EITHER BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT OR HAVE BEEN PROVIDED THE OPPORTUNITY TO SECURE COUNSEL TO ADVISE ON THIS AGREEMENT. THIS PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND

5 of 7
Philemond v. Kuzak Roof Maintenance, LLC. et al. FLSA Settlement Agreement

This document is signed using GetAccept Digital Signature Technology.
Fingerprint: 53a83ac02815d3a96997d1c311c077e50c3bfd58902cca0c76e212877ea5da573e0855cadcd6fb4bd4aed31691883d46ef65e3b6d44ce31fddfbd66941f650a2

TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 3 ABOVE, PLAINTIFF FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE THE FLSA CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASED PARTIES.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

[SIGNATURES ON FOLLOWING PAGE]

This document is signed using GetAccept Digital Signature Technology.
Fingerprint: 53a83ac02815d3a96997d1c311c077e50c3bfd58902cca0c76e212877ea5da573e0855cadcd6fb4bd4aed31691883d46ef65e3b6d44ce31fddfbd66941f650a2

| | |
|---|---|
| Dated: 2020-04-20 | KUZAK ROOF MAINTENANCE, LLC. |
| | Sign: *Melissa Kuzak* |
| | Name: Melissa Kuzak |
| | Title: Manager |

*Frank Kuzak*  
Frank Kuzak

2020-04-20  
Date

_____  
Wagner Philemond

_____  
Date

This document is signed using GetAccept Digital Signature Technology.
Fingerprint: 53a83ac02815d3a96997d1c311c077e50c3bfd58902cca0c76e212877ea5da573e0855cadcd6fb4bd4aed31691883d46ef65e3b6d44ce31fddfbd66941f650a2

Dated: _____        KUZAK ROOF MAINTENANCE, LLC.

Sign:_____

Name: <u>Melissa Kuzak</u>_____

Title:_____

Frank Kuzak                                                          Date

*Wagner Philemond*                                        2020-04-22

Wagner Philemond                                           Date

This document is signed using GetAccept Digital Signature Technology.
Fingerprint: 0cb6eb7d333b20d642e18a7610347843a756014b9d25406ecac68155a67c0b79acf369222def44f1af261231b1dee5bd9a2a5d2ad80adb5e9f5e45721245f440